IN THE UNITED STATES BANKRUPTCY COURT FOR
THE NORTHERN DISTRICT OF MISSISSIPPI

IN THE MATTER OF:                                          CHAPTER 13 CASE NO.:

JACQUELINE A. HOLLOWAY                          19-13762-JDW

## MOTION TO EXAMINE ATTORNEY FEE

COMES NOW Locke D. Barkley, Chapter 13 Trustee, by and through counsel, and files this Motion to Examine Attorney Fee (the "Motion") and in support states as follows:

1. The Debtor initiated this proceeding with the filing of a voluntary petition for relief on September 18, 2019. The Meeting of Creditors was held and concluded on November 25, 2019.

2. According to the Disclosure of Compensation of Attorney for Debtor (Dkt. ##, Pg. 37), the Debtor's attorney Robert Gambrell agreed to accept for legal services the sum of $3,600.00. Prior to the filing of the disclosure the Debtor paid $795.00 and the balance of $2,805.00 was to be paid through the Chapter 13 Plan.

3. On March 4, 2020, the Order Confirming Chapter 13 Plan (Dkt. #27) (the "Confirmation Order") was entered which, among other things, "awarded a fee [to Mr. Gambrell] in the amount of $3,600.00, of which $2,805.00 is due and payment from the estate.

4. Neither the Debtor's bankruptcy case nor the Plan are complex. For all intents and purposes, this an "attorney fee only" case in which the only claim to be paid is the attorney fee due Mr. Gambrell.

5. Initially, the Trustee took issue with Mr. Gambrell being paid the entire "no look fee." Counsel for the Trustee and Mr. Gambrell discussed this matter and Mr. Gambrell advised that, in addition to the preparation and filing of the schedules, plan, etc., he would also be filing applications to employ two law firms, one in Memphis and the other in Hawaii, for their representation of the Debtor in two pending wrongful

1

termination suits. In addition, Mr. Gambrell would be responsible for the applications to approve settlement and compensate special counsel.

6. Upon consideration of the additional services to be provided by Mr. Gambrell and the possibility of a resulting benefit for the bankruptcy estate and unsecured creditors, the Trustee was satisfied that the attorney fee was appropriate provided that the applications for approval of employment, and subsequent applications, were timely filed.

7. To date, Mr. Gambrell has yet to file the applications for approval of employment of special counsel. Such a delay could result in special counsel not being employed and prohibit the award of compensation. Should that occur it is possible that recovery on the claims of the Debtor, and now the bankruptcy estate, could be in jeopardy.

8. In light of the failure of Mr. Gambrell to proceed with the timely filing of the applications to approve employment, it is the opinion of the Trustee that the award of the entire fee of $3,600.00 in excessive.

9. The Trustee requests that this Court hold a hearing pursuant to Rule 2017 to examine the fee awarded and to be paid to Mr. Gambrell, and determine whether such fee is excessive in light of the services actually rendered, and issue such order it deems appropriate under the circumstances.

WHEREFORE, PREMISES CONSIDERED, Locke D. Barkley, Chapter 13 Trustee, prays that upon notice and hearing that this Court enter its order granting the Trustee's Motion and for such other relief to which the Trustee and this bankruptcy estate may be entitled.

Dated: March 13, 2020

>Respectfully submitted,
>LOCKE D. BARKLEY, TRUSTEE
>
>BY:  /s/ W. Jeffrey Collier
>W. JEFFREY COLLIER, ESQ.
>Attorney for Trustee
>6360 I-55 North, Suite 140
>Jackson, Mississippi 39211
>(601) 355-6661
>ssmith@barkley13.com
>MSB No. 10645

## **CERTIFICATE OF SERVICE**

I, the undersigned attorney for the Trustee, do hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and I hereby certify that I either mailed by United States Postal Service, first class, postage prepaid, or electronically notified through the CM/ECF system, a copy of the above and foregoing to the Debtor, attorney for the Debtor, the United States Trustee, and other parties in interest, if any, as identified below.

Dated: March 13, 2020

>/s/ W. Jeffrey Collier
>W. JEFFREY COLLIER